**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Valerie RUEDA, Victoria Swain,
Defendants–Appellants,**

**Nos. 01–1435, 01–1469.**

United States Court of Appeals,
Sixth Circuit.

March 18, 2003.

Before RYAN, BATCHELDER and LAY,* Circuit Judges.

## OPINION

PER CURIAM.

Valerie Rueda and Victoria Swain appeal their sentences for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Both defendants were sentenced in the United States District Court for the Eastern District of Michigan on March 13, 2001.[1] They now appeal their Base Offense Levels under the principles of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Swain also appeals the application of a 2–level enhancement for use of a dangerous weapon.

### I.

A grand jury indicted Rueda for conspiracy to distribute cocaine and possession of cocaine base with intent to distribute. On September 6, 2000, Rueda entered into a Rule 11 plea agreement in which she entered a plea of guilty to one count of intent to distribute cocaine. All other counts were dismissed pursuant to the plea agreement. On March 13, 2001, the district court sentenced Rueda to seventy (70) months imprisonment and three years of supervised release.[2]

The same indictment charged Swain with four counts of distribution of cocaine and one count of conspiracy to distribute cocaine. A superseding indictment later charged Swain with possession of a fire-

---

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

1. The Honorable Victoria A. Roberts, United States District Judge for the Eastern District of Michigan.

2. Rueda was sentenced with a Total Offense Level of 27 and a Criminal History Category of I. The applicable Guidelines range was 70 to 87 months.

arm in furtherance of drug trafficking. On September 19, 2000, Swain entered into a written plea agreement and pled guilty to three counts of the indictment. The remaining counts were dismissed.

In November 2000, the U.S. Probation Office issued a Presentence Investigation Report ("PSR") recommending Swain be sentenced to 262–327 months imprisonment.[3] Swain raised two objections to the PSR: (1) objection to the amount of drugs attributed to her, and (2) objection to an Offense Level enhancement for use of a dangerous weapon. During the sentencing hearing, the parties stipulated *inter alia* (1) the Base Offense Level for Swain would be set at 32, and (2) Swain would receive the 2–level enhancement for possession of a firearm. Swain was then sentenced to 108 months imprisonment, the minimum in her sentencing range.[4]

## II.

■ Both Defendants allege on appeal that their sentences violated due process under *Apprendi* and *United States v. Ramirez*, 242 F.3d 348 (6th Cir.2001)[5] because the district court used larger drug quantities to formulate their sentences than the amount of drugs involved in the individual counts to which they pled guilty. They assert that calculating their drug quantities in this manner essentially sentenced them based on crimes for which they were not convicted.

Each Defendant stipulated to her Base Offense Level but now claims the level was so improper it was plain error for the district court to assess it. We disagree. In view of the stipulations to the final Base Offense Levels, we review for plain error. *United States v. Stafford*, 258 F.3d 465, 470 (6th Cir.2001), *cert. denied*, 535 U.S. 1006, 122 S.Ct. 1581, 152 L.Ed.2d 500 (2002).

We find no plain error with the district court. Rueda and Swain's argument that their sentences were unconstitutional under *Apprendi* is misplaced. Both women pled guilty to cocaine trafficking counts with no specified drug quantity. The statutory maximum for a cocaine trafficking offense where no amount is alleged in the indictment is twenty years. 21 U.S.C. § 841(b)(1)(C). *Apprendi* only applies where the final sentence goes beyond the statutory maximum for the convicted offense. Neither Rueda nor Swain were sentenced beyond the statutory maximum of twenty years.

Accordingly, we find that the Defendants' stipulated Base Offense Levels did not violate due process under *Apprendi*.

---

**3.** A sentencing range of 262–327 months would have assessed Swain with a Total Offense Level of 39 and a Criminal History Category of I.

**4.** Following a 3–level reduction for acceptance of responsibility, Swain's final sentencing range was formed with a Total Offense Level of 31 and a Criminal History Category of I.

**5.** Defendant Rueda argues her sentence violated *Ramirez* because it imposed a mandatory minimum sentence without submitting the question of drug quantity to a jury. *Ramirez* was overruled by this circuit in *United States v. Leachman*, 309 F.3d 377 (6th Cir.2002). *Leachman* was handed down in October of 2002, several months after briefs were filed in

the present cases. In *Leachman*, the court followed the United States Supreme Court's ruling in *Harris v. United States*, which found that the rights prescribed in *Apprendi* apply only when a sentencing factor extends a defendant's sentence beyond the statutory maximum and not to those factors that increase the statutory mandatory minimum. *Leachman*, 309 F.3d at 378 (citing *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002)). *Leachman* also expressly overruled *Gibson v. United States*, 271 F.3d 247 (6th Cir.2001) and *United States v. Strayhorn*, 250 F.3d 462 (6th Cir.2001), two additional cases used by the Defendants to support their *Apprendi* arguments.

The Base Offense Levels for both Defendants are hereby affirmed.

### III.

■ Swain also asserts that the district court erred in assessing her with a 2–level enhancement for utilizing a handgun as part of a drug trafficking offense. Although she originally objected to the 2–level enhancement in the PSR, Swain later stipulated to its application as part of her plea. The Government argues this stipulation bars appellate review. We agree.

In light of the stipulation as to enhancement, we find nothing arbitrary about the court's application of the enhancement.

### IV.

The sentencing of both Valerie Rueda and Victoria Swain is hereby AFFIRMED.