*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0295p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 03-6001

LASTER AMIKER,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 02-20446—Jon Phipps McCalla, District Judge.

Submitted: April 18, 2005

Decided and Filed: July 11, 2005

Before: BOGGS, Chief Judge; RYAN and ROGERS, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** J. Charles Wilson, Mobile, Alabama, for Appellant. Scott F. Leary, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

**OPINION**

---

RYAN, Circuit Judge. This is a so-called *Booker* appeal, *see United States v. Booker*, 125 S. Ct. 738 (2005), but one with an unusual twist. We conclude that we must vacate the sentence and remand for resentencing.

The defendant, Laster Amiker, pleaded guilty to Attempting to Possess with Intent to Distribute 1000 tablets of Ecstacy, in violation of 21 U.S.C. § 846. Pursuant to the United States Sentencing Guidelines, the facts admitted by Amiker equate, at most, to an offense level of 32, which in Amiker's Criminal History Category of I, provides a sentence range of 121 to 151 months' imprisonment. At sentencing, the district court reduced Amiker's offense level for his acceptance of responsibility, U.S.S.G. § 3E1.1, but applied enhancements for possession of a firearm, U.S.S.G. § 2D1.1(b), and acting as an organizer or leader of criminal activity, U.S.S.G. § 3B1.1(a). This left Amiker with an offense level of 35, and a corresponding sentence range of 168 to 210 months' imprisonment. The district court sentenced Amiker to 168 months' imprisonment. Because this sentence is greater than the maximum of 151 months allowed by the facts to which Amiker admitted, and because the lengthier sentence was supported by facts that were not found by a jury, the district court's sentencing determinations violated the Sixth Amendment. *Booker*, 125 S. Ct. 738. Although

1

Amiker failed to raise a Sixth Amendment objection below, the error was plain; it affected Amiker's substantial rights; and it seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). Therefore, Amiker is entitled to resentencing.

This court's holding in *United States v. Bradley*, 400 F.3d 459 (6th Cir. 2005), does not alter our conclusion. First and foremost, the court in *Bradley* enforced a provision in the plea agreement in which the defendant waived his right to appeal. Thus, *Bradley* is inapplicable here; Amiker did not waive his right to appeal. But the court in *Bradley* also suggested that a defendant, by explicitly agreeing to be sentenced under the Guidelines, waives any right to *Booker*-resentencing. If we were to construe this as an alternative holding in *Bradley*, Amiker, who also explicitly agreed to be sentenced under the Guidelines, may have waived his right to resentencing. But we think this language in *Bradley* is best interpreted as merely additional rationale serving only to buttress the court's decision that the defendant had waived his right to appeal.

The Supreme Court has said that where a defendant pleads guilty, the government "'is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding.'" *Booker*, 125 S. Ct. at 774 (Stevens, J., concurring in part and dissenting in part) (quoting *Blakely v. Washington*, 124 S. Ct. 2531, 2541 (2004)). The plain meaning of this language, and the equally plain language of *Booker* and *Blakely*, indicate that consent to judicial factfinding cannot be found in an ordinary plea agreement. At the time of Amiker's plea agreement and sentencing, all plea agreements required, either explicitly or implicitly, that a defendant agree to sentencing under the Guidelines. Where this requirement is spelled out, we see no reason to imply consent to judicial factfinding. That Amiker, in his plea agreement, agreed to be sentenced pursuant to the Sentencing Guidelines, does not preclude him from raising the *Booker* error on appeal.

Another panel of this court, again *in dicta*, appears to suggest that *Bradley* stands for the more narrow proposition that a defendant who agreed to be sentenced under the mandatory Guidelines, is not entitled to resentencing under the post-*Booker* advisory Guidelines. *See United States v. Gilliam*, 2005 WL 820603, at *5 (6th Cir. Apr. 8, 2005) (unpublished disposition). That is, *Bradley* could be read to preclude *Booker*-resentencing only in the absence of a Sixth Amendment violation. This appears problematic because such a rule could survive only if *Booker* Sixth Amendment error could be meaningfully distinguished from the erroneous mandatory application of the now advisory Guidelines. Nevertheless, because this rule would not apply to Amiker, his Sixth Amendment right having been abridged, we do not attempt to make such a distinction. And again, as we stated above and according to our reading of *Bradley*, where a plea agreement does not include an appeal waiver, an explicit agreement to be sentenced under the Guidelines carries no independent significance.

For the aforementioned reasons, we **VACATE** Amiker's sentence and **REMAND** his case to the district court for resentencing.