**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0895n.06**
**Filed: November 15, 2005**

**No. 04-1645**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| Victoria Swain, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner-Appellant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| United States, | ) | **O P I N I O N** |
| | ) | |
| Respondent-Appellee. | | |

BEFORE:    DAUGHTREY, COLE, Circuit Judges; BARZILAY, Judge.*

**R. GUY COLE, JR., Circuit Judge.** Petitioner-Appellant Victoria Swain appeals the denial

of her motion pursuant to 28 U.S.C. § 2255 to vacate her sentence of 108 months for cocaine

possession. Swain's *pro se* motion alleges, in essence, that her plea was involuntary, her trial

counsel ineffective, and her sentence based on judge-found facts. For the reasons that follow, we

**AFFIRM** the district court's denial of Swain's motion.

I.

Swain was charged alongside two dozen others in connection with a cocaine distribution ring

in Detroit, Michigan. Swain faced four counts of distributing cocaine, one count of conspiring to

---

*The Honorable Judith M. Barzilay, Judge of the United States Court of International Trade,
sitting by designation.

distribute cocaine, and one count of possession with intent to distribute cocaine. On September 19, 2000, Swain entered into a Rule 11 Plea Agreement (the "Agreement") according to which she consented to plead guilty to counts 4, 5, and 7. These counts all relate to the sale of cocaine in violation of 21 U.S.C. §841(a)(1). The Agreement references an attached worksheet that "represent[s] the position of the government on calculating the appropriate sentence range under the sentencing guidelines" but acknowledges that "the court will independently determine the applicable sentencing factors at sentencing." The Agreement also disavows any "agreement as to the limitation on the sentence that may be imposed." Finally, the Government agreed to dismiss the remaining counts but, under the Agreement, Swain "acknowledge[d] that the court may consider 'relevant conduct' alleged in these dismissed counts in arriving at an appropriate sentence."

Notwithstanding the Agreement, Swain initially pleaded not guilty before the district court. Following a consultation with her defense counsel, however, Swain pleaded guilty to counts 4, 5, and 7. At the plea colloquy, the judge informed Swain of her constitutional rights and asked the prosecutor to present the terms of the Agreement. The prosecutor did so faithfully—including the Government's recommendation of a 262 to 327 month sentence range—and Swain acknowledged that she understood the Agreement.

The court then asked defense counsel whether Swain had any objections to the sentencing recommendation attached to the Agreement. Defense counsel replied that Swain ought to be held accountable only for the amount and type of drugs (cocaine powder) that she sold in connection to counts 4, 5, and 7. Accordingly, defense counsel recommended a sentence range of 46 to 57 months. The prosecutor acknowledged that counts 4, 5, and 7 relate "to powder cocaine or regular cocaine

not cocaine bas [sic]" but added that Swain "sold both cocaine base and powder cocaine during the course of what would be relevant conduct for this matter." According to the prosecutor, this conduct could be used as the basis for a higher sentence, as long as the sentence did not go beyond the statutory maximum of 20 years.

The district judge recognized the disconnect. In light of the lack of "agreement with respect to the amount of time here," the judge asked, "is there an opportunity to withdraw the plea?" Defense counsel declined the invitation.

The Presentence Investigation Report ("PSI") recommended a sentencing range of 262 to 327 months based on a total offense level of 39. The PSI began with the counts to which Swain pleaded guilty, namely, the three violations of 21 U.S.C. §841(a)(1). The PSI then turned to the drug quantity table "where at U.S.S.G. §2D1.1(c)(3)[(1)], an offense level of 38 is required for distribution of at least 1.5 kilograms or more of cocaine base." The PSI increased the offense level two points for use of a deadly weapon and two more for leadership; it then decreased the offense level three points for acceptance of responsibility. Finally, the PSI noted that the Agreement did not limit the sentence because all the activity of every count charged against Swain and each of her co-defendants was "Relevant Conduct" under the sentencing guidelines. The PSI also noted that "had the defendant pled guilty to count 25, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a five year consecutive sentence would have been statutorily required."

At sentencing, defense counsel reiterated his position that Swain should only be sentenced for the activity underlying counts 4, 5, and 7 of the indictment. He cited to *United States v. Ramirez*, 242 F.3d 348 (6th Cir. 2001), *overruled by Leachman v. United States*, 309 F.3d 377 (6th Cir. 2002),

and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in support. The district judge expressed doubt that these cases applied and proceeded with an evidentiary hearing to determine whether Swain engaged in the "relevant conduct" at issue.

On March 13, 2001, well into the evidentiary hearing, the two parties agreed to several stipulations and to a resulting base level of 31. No mention was made of the amount or type of drug, but Swain agreed to a two-level enhancement for the use of a weapon and the Government agreed not to seek an enhancement for Swain's role in the offense. The district court accepted the stipulation and determined the guideline range to be 108 to 135 months. The court sentenced Swain to 108 months, the bottom of the guideline range.

Swain appealed her sentence without success on the ground that facts increasing her sentence beyond the statutory maximum—namely, the amount of drugs and the existence of a weapon— were not proven beyond a reasonable doubt, in alleged violation of *Apprendi. See United States v. Rueda*, 2003 WL 1465291 (6th Cir. Mar. 18, 2003). Swain then filed a motion to vacate her sentence. The district court denied the motion and Swain appealed to this Court, which has jurisdiction pursuant to 28 U.S.C. §2255.

II.

Swain filed her initial § 2255 motion *pro se*. Accordingly, she is entitled to some leeway. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) ("The allegations of a *pro se* petition, 'though vague and conclusory, are entitled to a liberal construction.'"). Swain argues on appeal that her plea was involuntary, her assistance ineffective, and her sentence the product of judge-found facts. These challenges are consistent, if not coterminous, with her § 2255 motion.

A.      Voluntariness

Because she did not raise it (or its equivalent) on direct review, the claim of involuntariness has been procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). To overcome procedural default, Swain must show cause and prejudice, or actual innocence. *Id.* at 622-23. She has not.

The record reveals no coercion or deception by the prosecutor or the district court. Swain signed an Agreement, clause three of which expressly states that the conduct underlying the dismissed counts could be used in sentencing. The Agreement also references an attached worksheet that estimates Swain's sentence range as between 262 and 327 months. At the colloquy, the prosecutor reiterated the estimated sentence range and again referred to the relevance of the conduct underlying the dismissed counts. When it became clear to the judge that Swain's counsel had estimated a much lower sentence range, the judge asked if there was "an opportunity to withdraw the plea." The prosecutor said he thought that Swain's plea was voluntarily given and Swain's counsel agreed, stating, "That's correct, your honor. We trust the Court will determine the appropriate sentence."

Thus, Swain had "real notice of the true nature of the charges against [her.]" *Henderson v. Morgan*, 426 U.S. 637, 645 (1976) (internal citation omitted). That she estimated the penalty incorrectly does not render her plea involuntary. *See Bousley*, 523 U.S. at 619. Swain was not misled by the Government but, if at all, by her own attorney. When a mistake of law is made by

defense counsel without external impediment, there has been no showing of cause sufficient to overcome default of an involuntary waiver claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Swain initially argued that her indictment and plea agreement were defective and coercive in that they failed to allege a drug quantity (or type, although type is a function of quantity in this context). Swain argues on appeal from the denial of her motion that these defects somehow render her plea involuntary. The failure to state a drug amount does not render a drug distribution indictment constitutionally infirm. *United States v. Stewart*, 306 F.3d 295, 310 (6th Cir. 2002). The only limitation imposed by the failure to state a drug quantity is that the defendant's sentence may not exceed the statutory maximum of 20 years. *Id.*; *see also* 21 U.S.C. § 841(b)(1)(c). Swain was sentenced to only 108 months total on three counts. Furthermore, nothing in the relevant federal rule requires a statement of the drug quantity or type. *See* FED. R. CRIM. P. 11; *cf. United States v. Dominguez Benitez*, 123 S.Ct. 2333, 2340 n.9 (2004) ("A defendant will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255.").

Accordingly, we find Swain's claim of involuntariness procedurally defaulted.

B.      Ineffective Assistance of Counsel

Swain alleges that her counsel was ineffective in violation of her Sixth Amendment right. Unlike the claim of voluntariness, the claim of ineffective assistance of counsel does not require a showing of cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). We review claims of ineffective assistance of counsel *de novo*. *Towns v. United States*, 395 F.3d 251, 258 (6th Cir. 2005). To show ineffective assistance, a defendant must demonstrate against a strong presumption that her counsel was so deficient that he did not function as the counsel guaranteed by

the Constitution. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Furthermore, a defendant must show that her counsel's performance prejudiced her defense, in the sense that there was a reasonable probability that the outcome of her case would have been different had her counsel been competent. *Id.; Towns*, 395 F.3d at 258.

Counsel's deficiency is apparent from the record. Counsel advised Swain that *Apprendi* would limit her sentence to the facts underlying the counts to which she pleaded. *Apprendi* did not apply: the outermost range to which Swain could be sentenced did not exceed the statutory maximum of 20 years under 21 U.S.C. §841(a)(1). *See Apprendi*, 530 U.S. at 490; *see also United States v. Munoz*, 233 F.3d 410, 413 (6th Cir. 2000). By proffering material but erroneous legal advice, counsel performed below the constitutional guarantee. *See Hill v. Lockhart*, 474 U.S. 52, 62 (1985) (White, J., concurring) ("The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis." ); *see also Blackburn v. Foltz*, 828 F.2d 1177, 1182 (6th Cir. 1987) (finding an attorney deficient who had misunderstood the impact of prior convictions on defendant's sentence).

Swain has satisfied the first prong of *Strickland.* In order to satisfy the second prong in the context of a plea, Swain must show that "there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The record shows the opposite.

The strongest evidence that Swain would have insisted on going to trial but for counsel's erroneous advice is that she initially pleaded not guilty. She changed her plea to guilty after a discussion with her counsel. Yet Swain signed a Rule 11 Agreement *before* her plea colloquy. The

deficient advice she received from counsel related to the effect of that Agreement. Furthermore, Swain was given a chance to renegotiate her sentence after the district judge corrected counsel's understanding of the law in open court. Swain agreed to a base offense level of 31. She accepted an enhancement for gun possession; in exchange, the Government agreed that Swain's sentence should not be enhanced for her leadership role. A chance to renegotiate is not tantamount to a chance to withdraw the plea. *Cf. Henry v. Poole*, 409 F.3d 48, 65 (2d Cir. 2005) (denying, in the context of ineffective assistance, that counsel's presentation of alibi for the wrong day was tantamount to presenting no alibi). Yet the burden is Swain's to show that she would have withdrawn given the chance. *Hill*, 474 U.S. at 59.

Finally, Swain had a powerful incentive to enter a guilty plea, even with the understanding that she could serve 108 months. Swain was indicted on six charges. According to the PSI, conviction on the gun charge alone would have resulted in a mandatory, non-consecutive five-year sentence. The two-level gun enhancement changed her minimum sentence from 87 to 108 months—a difference of 1.75 years. On each of the counts to which Swain actually pleaded, moreover, and assuming only the facts of her allocution, she could have been sentenced to as many as 20 years. 21 U.S.C. §841(a)(1). Instead she received nine, with no enhancement for role in the offense and with a three-level reduction for acceptance of responsibility.

It is theoretically possible that, were it not for counsel's erroneous advice, Swain would have insisted on going to trial. However, neither the record nor her brief converts this possibility into a reasonable probability. Accordingly, we find that Swain fails the second *Strickland* prong: she has not shown prejudice.

C.      Unproven Facts Underlying Sentence

Although he was mistaken at the time, Swain's trial counsel proved oddly prescient. Were this a direct appeal, Swain might be entitled to remand under *Blakely v. Washington*, 542 U.S. 296 (2004), and its progeny. These cases, unlike *Apprendi*, hold that a sentence must be based on facts admitted or proven beyond a reasonable doubt. *See United States v. Amiker*, 414 F.3d 606, 607-08 (6th Cir. 2005) (applying this principle to guilty pleas). Yet neither *Blakely* nor its federal counterpart, *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), may be invoked on collateral review. *Id.* at 769; *United States v. Humphress*, 398 F.3d 855, 860 (6th Cir. 2005). Moreover, Swain's sentence could be upheld even on direct appeal under *Booker*. Swain agreed to be sentenced based on additional, relevant conduct and specifically stipulated to the enhancement for a firearm and an offense level of 31. Swain may constitutionally stipulate to facts and even consent to judicial fact-finding by plea agreement. *Amiker*, 414 F.3d at 607. Accordingly, we find that Swain is not entitled to remand.

III.

For the reasons stated above, we **AFFIRM** the district court's denial of Swain's § 2255 motion to her vacate sentence.