NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0992n.06
Filed: December 20, 2005

No. 04-5567

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DELANNIE LAMONT MARTIN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNITED STATES OF AMERICA, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Respondent-Appellee. | ) | |

Before: NELSON, DAUGHTREY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Delannie Lamont Martin challenges the district court's denial of his § 2255 motion to vacate his sentence. Because neither of Martin's challenges to his sentence warrants relief, we affirm.

I.

In May 1999, police stopped Martin while he was driving in Bowling Green, Kentucky. During the ensuing search of his car, the police found over 900 grams of crack cocaine, over 900 grams of powder cocaine, approximately $6,000 in cash, a .45 caliber pistol and a 12-gauge shotgun. After Martin's attempt to suppress this evidence failed, he pleaded guilty to possessing cocaine and crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1), and to carrying a firearm during

and in relation to a drug-trafficking crime, *see* 18 U.S.C. § 924(c).  The district court sentenced him to a 230-month prison term.  While Martin chose not to file an appeal challenging his sentence, he eventually filed this § 2255 motion, claiming that he had received ineffective assistance of counsel and that the Rule 11 colloquy was defective.

The district court initially granted Martin's motion in part and allowed him to withdraw his guilty plea to the § 924(c) charge, reasoning that the guilty plea colloquy had not adequately informed Martin of the in-relation-to element of the § 924(c) charge.  Both parties filed motions for reconsideration, and the district court vacated its earlier decision and referred the matter to a magistrate.  After conducting an evidentiary hearing, the magistrate recommended denying the § 2255 motion.  The district court followed the magistrate's recommendation and denied Martin's motion in its entirety.

This court granted Martin a certificate of appealability on two issues:  (1) whether Martin's counsel provided ineffective assistance by failing to advise him of the elements of a § 924(c) charge; and (2) whether the district court's failure to discuss the in-relation-to element of the § 924(c) charge during the plea colloquy entitles Martin to relief from his sentence.  "The district court's denial of [Martin's] § 2255 motion is reviewed *de novo,* but the lower court's factual findings are reviewed for clear error."  *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996).

II.

A.

In challenging the effectiveness of his counsel, Martin correctly identifies the two questions that we must ask and answer. Did the performance of his attorney fall "below an objective standard of reasonableness"? *Strickland v. Washington*, 466 U.S. 668, 688 (1984). And, if so, did the attorney's performance prejudice Martin? *Id.* at 696; *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (stating that in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial"); *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2003).

Martin argues that his case should be remanded for an additional evidentiary hearing in which he can testify about pre-guilty-plea conversations between him and his defense attorney concerning the elements of a § 924(c) charge. At the evidentiary hearing that has already been held, however, Martin testified about the conversations he had with his defense attorney regarding the charge, *see* JA 406–27, and in that testimony Martin presented his side of the story, JA 410 ("We never went through that about no elements of the 924(c). He [the attorney] just said simple possession was a 924(c)."). In addition, his defense attorney has offered a sworn affidavit explaining his side of the story, JA 63 ("The elements of the offense including the gun charge were further discussed in detail."), and he testified at the hearing to the same effect, JA 373–74 (stating

that he had "a specific recollection of" a conversation in which he "discussed in detail" the "elements of the offense, including the gun charge" with Martin), JA 397 (replying "absolutely" when questioned if he had discussed the in-relation-to element of the gun charge with Martin). Based on this evidence, the district court, consistent with the magistrate's recommendation, found that Martin's attorney informed him about the in-relation-to element of a § 924(c) charge. On appeal, Martin has not pointed to any evidence indicating that the district court's decision to credit his attorney's statements amounts to clear error or that a second evidentiary hearing would make any difference in the outcome of that determination.

## B.

Martin also complains that the district court's "failure to discuss the 'in relation to' element of the section 924 (c) charge was inconsistent with the requirements of Federal Rule of Criminal Procedure 11." Martin Br. at 17. Because he did not raise this claim on direct appeal, it is procedurally defaulted and we may not entertain the claim unless Martin can show cause for the default and prejudice stemming from it or can show that he is actually innocent of the crime. *Bousley v. United States*, 523 U.S. 614, 621–22 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001).

Martin does not make any claim of actual innocence. And the only conceivable source of the default is ineffective assistance of counsel. *See, e.g.*, *Henderson v. Collins*, 262 F.3d 615, 636 (6th Cir. 2001) (recognizing that ineffective assistance of counsel may constitute cause for a

procedural default). But because his ineffective-assistance claim lacks merit, as shown, Martin cannot establish cause for his default.

Martin persists that *United States v. Carlos Dominguez Benitez*, 542 U.S. 74 (2004), requires evaluation of his Rule 11 claim under a plain-error standard rather than a cause-and-prejudice standard, *see id.* at 76 (stating that "a defendant is obliged to show a reasonable probability that, but for the [Rule 11] error, he would not have entered the [guilty] plea"). The flaw in this argument, however, is that *Benitez* dealt with the standard of review applicable to *direct review* of a "claim of Rule 11 error [that] was not preserved by a timely objection" and to which "the plain-error standard of Rule 52(b) applies." *Id.* *Benitez* did not address the standard of review applicable to a procedurally defaulted Rule 11 claim raised in a § 2255 motion. Both before and after *Benitez*, we have required claimants to demonstrate actual innocence or both cause and prejudice when raising procedurally defaulted claims in a § 2255 motion. *See, e.g.*, *Peveler*, 269 F.3d at 698 ("A procedurally defaulted claim, absent a showing of cause and prejudice or actual innocence, cannot give rise to relief under § 2255."); *Swain v. United States*, No. 04-1645, 2005 WL 3065969, at *3 (6th Cir. Nov. 15, 2005) (requiring cause and prejudice in the context of a procedurally defaulted claim asserting that the defendant's plea was not voluntary). Martin has offered no good reason for declining to adhere to this requirement here.

III.

For these reasons, we affirm.