**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0874n.06
Filed: December 4, 2006

**No. 06-5845**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DELANNIE LAMONT MARTIN** | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | |
| V. | ) | |
| | ) | ON APPEAL FROM THE |
| **TERRY O'BRIEN, WARDEN** | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| *Defendant-Appellee.* | ) | DISTRICT OF KENTUCKY |

**O P I N I O N**

BEFORE:    COLE, McKEAGUE, Circuit Judges and BREEN, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge**.  Petitioner Delannie Lamont Martin filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking a declaration that the Federal Bureau of Prisons' ("BOP") refusal to recognize his high-school diploma, earned through a correspondence course, violates his rights under the Due Process Clause of the Fourteenth Amendment and the Petition Clause of the First Amendment.  Martin also moved this Court for leave to proceed in forma pauperis on appeal.  *See* Fed. R. App. P. 24.  The district court dismissed Martin's claim, finding that the BOP did not act arbitrarily when it declined to recognize Martin's correspondence-course diploma and concluding that Martin failed to allege any facts supporting a

---

[*] The Honorable J. Daniel Breen, United States District Court Judge for the Western District of Tennessee, sitting by designation.

claim under the First Amendment. For the reasons that follow, we **AFFIRM** the district court's denial of Martin's petition for a writ of habeas corpus under § 2241.

### I. BACKGROUND

Delannie Lamont Martin is a federal prisoner at the Federal Correctional Institution in Ashland, Kentucky. Martin was convicted and sentenced for drug and firearms offenses committed in 1999. His sentence was affirmed by this Court in 2005. *Martin v. United States*, 160 Fed. Appx. 447 (6th Cir. 2005) (unpublished opinion).

The crux of Martin's claim is that the BOP's refusal to recognize his high-school diploma, earned through a correspondence course, violates his constitutional rights. Under 18 U.S.C. § 3624(f), the BOP is required to have a literacy program for the benefit of all inmates that are functionally illiterate. Regulations under 28 C.F.R. §§ 544.70-75 were promulgated to effectuate compliance with § 3624. The regulations define which inmates are not functionally literate: "an inmate . . . who does not have a verified General Educational Development (GED) credential or high school diploma" is not functionally literate. 28 C.F.R. § 544.70. An inmate who is not functionally literate is required to "attend an adult literacy program for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." *Id.* Under 28 C.F.R. § 544.72 the warden is responsible for establishing "a system of incentives to encourage an inmate to obtain a GED credential." An inmate who refuses to participate in the literacy program may have "disciplinary action" taken against him. 28 C.F.R. § 544.75.

The BOP's interpretation of the literacy program's statutory and regulatory requirements is found in program statement ("PS") 5350.28. Under PS 5350.28, wardens can award educational

good-time credits and assign preferred prison jobs to participants in the literacy program.

Rather than participating in the BOP literacy program, Martin instead enrolled in a correspondence course offered by Continental Academy. After he earned his "high-school diploma" through the correspondence course,[1] Martin petitioned BOP personnel to honor his diploma and to exempt him from completing the mandatory educational program. BOP personnel refused. The warden, citing PS 5350.28 as authority for his position, stated that it was BOP policy to recognize only GEDs and high school diplomas, and not certificates earned through correspondence courses. The Regional Director and Administrator of National Inmate Appeals concurred with the warden and denied Martin's appeal. After exhausting all administrative remedies, Martin petitioned the district court for the Eastern District of Kentucky for a writ of habeas corpus under § 2241. The district court concluded that (1) the BOP did not violate Martin's due process rights when it refused to accept his correspondence-course diploma, and (2) Martin's First Amendment rights were not violated because he failed to allege any facts demonstrating that he was retaliated against for his participation in the correspondence course. Martin timely filed the present appeal.

## II. DISCUSSION

### A. Standard of Review

This court reviews de novo a district court's judgment dismissing a habeas corpus petition

---

[1] Martin provided this Court with a copy of the certificate he received from the correspondence course. The certificate from Continental Academy states: "This certifies that Delannie Lamont Martin has satisfactorily completed a course of study prescribed for graduation from this institution and is therefore awarded this High School Diploma."

filed under 28 U.S.C. § 2241. *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir. 2001).

**B. The BOP's Refusal To Accept Martin's Correspondence-Course Diploma Did Not Violate Martin's Substantive Due Process Rights**

Martin first contends that his substantive due process rights were violated when the BOP did not accept his high-school diploma earned through a correspondence course. He further argues that the BOP's refusal to accept his correspondence diploma is arbitrary and capricious. The Due Process Clause of the Constitution provides: "[Nor] shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. In *Zinermon v. Burch*, 494 U.S. 113, 125 (1990), the Supreme Court explained that "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement them.'" (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Further, in *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1217 (6th Cir. 1992), this Court explained that "[t]he right not to be subject to 'arbitrary or capricious' action by a state either by legislative or administrative action is commonly referred to as a 'substantive due process right.'" (citing *Curto v. City of Harper*, 954 F.2d 1237, 1243 (6th Cir. 1992)).

Martin must first assert the existence of a constitutionally protected property or liberty interest in order to establish a violation of his substantive due process rights. *Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992); *see also Gutzwiller v. Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988) ("Substantive due process protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action."). Martin has failed to do so.

Martin argues that his inability to earn additional good-time credits or receive a preferred prison job because the BOP will not recognize his correspondence diploma constitutes a denial of his liberty interest. The district court, however, correctly explained that prisoners have no liberty interest in opportunities to obtain good-time credits. *See, e.g.*, *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992) ("The United States Supreme Court has held that inmates have no inherent constitutional right to good time credit.") (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Moreover, a prisoner does not have a constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). Accordingly, because Martin has failed to assert the existence of a constitutionally protected interest, we agree with the district court's conclusion that Martin has not established a violation of his due process rights.

**C. Martin Was Not Retaliated Against In Violation Of The First Amendment**

Martin also asserts that he was retaliated against for his participation in the correspondence program in violation of the Petition Clause of the First Amendment. The Petition Clause of the First Amendment forbids Congress from "abridging the . . . right of the people . . . to petition the Government for a redress of grievances." U.S. Const. Amend. I. The right to petition under the First Amendment is limited to matters of public concern. *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1226 (6th Cir. 2000). In *Connick v. Myers*, 461 U.S. 138, 146 (1983), the Supreme Court explained that speech addresses a matter of public concern where it can "be fairly considered as relating to any matter of political, social, or other concern to the community . . . ." In *Valot* this Court stated that the inquiry as to whether speech addresses a matter of public concern is guided by "'the content, form, and context of a given statement, as revealed by the whole record.'" 107 F.3d

at 1226 (quoting *Connick*, 461 U.S. at 147-48). "Speech does not generally touch on a matter of public concern, as that requirement has been interpreted, where its aim is to air or remedy grievances of a purely personal nature." *Id.*

The district court correctly determined that Martin failed to allege any facts demonstrating that his claim involves a matter of public concern. Martin's request that his correspondence degree be recognized by the BOP is more a matter of private interest. *See, e.g.*, *Valot*, 107 F.3d at 1226 (concluding that the availability of unemployment compensation is not a matter of public concern); *Jones v. Union County*, 296 F.3d 417, 426 (6th Cir. 2002) (concluding that plaintiff's request for an order of protection against her ex-husband is a matter of private concern, whereas domestic violence is a matter of public concern). Alternatively, the district court did not err in concluding that the facts, as presented by Martin, failed to demonstrate that he was retaliated against. Martin's withdrawal from the literacy program rendered him ineligible for the incentives offered to other inmates in the program. Martin was not punished for choosing to participate in the correspondence course, but rather was denied the incentives he was no longer eligible to receive.

### III. CONCLUSION

For this appeal only, we grant Martin's motion to proceed in forma pauperis. Further, for the reasons set forth above, we **AFFIRM** the district court's denial of Martin's petition for a writ of habeas corpus under § 2241.