*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0113p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

No. 05-3159

*v.*

JAMES R. HOCHSCHILD,

*Defendant-Appellant.*

>

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 04-00228—John R. Adams, District Judge.

Argued: January 26, 2006

Decided and Filed: March 31, 2006

Before: MOORE, ROGERS, and McKEAGUE, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Edward G. Bryan, FEDERAL PUBLIC DEFENDER'S OFFICE, Cleveland, Ohio, for
Appellant. Elizabeth Olson, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Appellee. **ON BRIEF:** Edward G. Bryan, FEDERAL PUBLIC DEFENDER'S OFFICE,
Cleveland, Ohio, for Appellant. Michael A. Sullivan, UNITED STATES ATTORNEY, Cleveland,
Ohio, for Appellee.

---

**OPINION**

---

ROGERS, Circuit Judge. This case requires us to determine which of two U.S. Sentencing
Guidelines applies to the offense of crossing a state line with the purpose of having sex with a minor,
when both guidelines refer to *attempting* to have sex with a minor, but neither guideline refers to the
particular crime of *traveling in interstate commerce* with the purpose of having sex with a minor.[1]
Only one of the two guidelines applies when the defendant attempted to have sex with a minor under
12 years of age (U.S.S.G. § 2A3.1). The other guideline can only apply to an attempt where the
attempt was to have sex with a minor 12 years of age or older (§ 2A3.2). Because the defendant in
this case concededly traveled interstate with the purpose of having sex with a minor under 12 years

---

[1]The issue is of limited future importance as the U.S. Sentencing Guidelines have since been amended so as
to provide specifically for such federal crimes involving travel to engage in sexual conduct with a minor. *See* U.S.S.G.
§ 2G1.3(c)(3) (effective November 1, 2004).

1

of age, the more appropriate guideline is § 2A3.1. Moreover, application of the specific offense characteristic of that guideline—that the offense involved a victim under 12—does not amount to impermissible "double counting," and is proper notwithstanding the fact that the prosecution arose from a sting that involved no actual child. The district court therefore properly calculated the guideline range in this case. However, we vacate defendant's sentence and remand for resentencing in light of the Supreme Court's remedial holding in *United States v. Booker*, 543 U.S. 220 (2005).

This case involved the second sting in which defendant James Hochschild was caught by Special Agent Denis Guzy. Hochschild had previously ordered child pornography from Agent Guzy over the internet, and was negotiating a plea on the charge of possession, when Hochschild responded to another internet posting placed by Agent Guzy. Agent Guzy was posing as the father of three children. Guzy offered Hochschild the opportunity to engage in sexual activity with two of his fictitious female children. One fictitious child was nine, and the other was twelve. After initial email correspondence, Hochschild agreed to meet Agent Guzy. They agreed that Hochschild would travel from his home in Ohio to Pennsylvania to meet the girls and perform various sexual acts. Hochschild equivocated in emails sent before the meeting, stating he only wanted to engage in sexual activity "if the children were to his liking." On December 14, 2002, Hochschild traveled from Ohio to Pennsylvania to meet the children. In his plea Hochschild admitted he "believed that he was meeting two real children to engage in sexual activity. He did not realize that his dialogue was with a law enforcement officer."

Hochschild arrived at the Best Western Motel in Harrisburg, Pennsylvania to meet Agent Guzy. In a conversation with Agent Guzy, Hochschild admitted to a "continuing intention to engage in criminal sexual activity with the two children." After conversing with Agent Guzy, Hochschild was arrested. Later, in his plea, Hochschild described the type of sexual activities in which he wanted to engage.

As relevant to this appeal, Hochschild was charged with two counts of traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor under the age of 18. *See* 18 U.S.C. § 2423(b). The indictment specifically charged that the offense involved a victim under the age of twelve. Hochschild pled guilty and admitted in the plea that the child was under twelve.

The district court largely adopted the recommendation of the Presentence Investigation Report (PSR). The PSR, using the 2002 Guidelines Manual, recommended that the district court apply § 2A3.1, rather than § 2A3.2, with respect to the count involving the intent to have sex with a nine-year-old. The PSR reasoned as follows:

> The Appendix A of the U.S.S.G. specifies that U.S.S.G. § 2A3.1, § 2A3.2, or § 2A3.3, is to be used for a violation of 18 U.S.C. § 2423 (b) as reflected in Counts 3 and 4. U.S.S.G. § 2A3.1 pertains to an offense involving force or where the victims are under 12 years of age. U.S.S.G. § 2A3.3. pertains to criminal abuse of a ward. U.S.S.G. § 2A3.2 involves Criminal Sexual Abuse of a Minor Under the Age of 16 or an Attempt to Engage in Such Conduct. Count 3 involved a nine year old female child. Count 4 involved a 12 year old female child, with no force involved. Therefore, U.S.S.G. § 2A3.1, is the appropriate guideline for Count 3 and U.S.S.G. § 2A3.2 is the appropriate guideline for Count 4.

The district court ruled that § 2A3.1 was applicable on the alternative ground that a cross-reference in § 2A3.2 referred back to § 2A3.1.

The use of § 2A3.1 as opposed to § 2A3.2 had the effect of setting the base offense level at 27 instead of 24. The district court also applied a four-level enhancement because the victim was under twelve years old, a two-level enhancement for use of a computer, and a two-level reduction

for acceptance of responsibility.  The offense level was thus 31.  Hochschild had no criminal history and therefore had a criminal history level of I.  The district court sentenced Hochschild to 135 months, which was the maximum number of months in the applicable guideline range.

Hochschild filed a timely notice of appeal.  He preserved all issues, except the alleged violation of *Booker*, for appeal.  We review de novo the legal issue of how the sentencing guidelines should be interpreted.  *United States v. Herrera*, 375 F.3d 399, 402 (6th Cir. 2004).  With respect to the *Booker* violation, we review for plain error because Hochschild raised that issue for the first time on appeal.  *United States v. Hamm*, 400 F.3d 336, 339 (6th Cir. 2005).

The reasons given in the PSR fully support the district court's sentencing of Hochschild under U.S.S.G. § 2A3.1, and we need not reach the question whether, as the district court held, § 2A3.2 in any event refers back to § 2A3.1 by cross-reference.[2]

The first step in ascertaining the applicable guideline is to "refer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction." U.S.S.G. § 1B1.2(a); *see United States v. Farrelly*, 389 F.3d 649, 657-58 (6th Cir. 2004).  The Statutory Index directs a sentencing court to three guidelines, §§ 2A3.1, 2A3.2, and 2A3.3.  U.S.S.G. App. A.  Appendix A moreover specifies that "if more than one guideline section is referenced for the particular statute, [the district court should] use the guideline most appropriate for the offense conduct charged in the count of which the defendant was convicted." Intro., U.S.S.G. App. A; *Farrelly,* 389 F.3d at 658.

Section 2A3.1 is the "most applicable" of the three guidelines.  Section 2A3.3 is clearly not applicable, and neither party argues that it is.  Of the remaining two guidelines, neither refers to interstate travel with the intent to have sex with a minor.[3]  It is therefore not possible to determine which of the two guidelines is more applicable by reading one as more applicable than the other to the crime of travel-with-intent.  Neither deals explicitly with travel-with-intent and both necessarily apply by analogy.  Section 2A3.1 applies to "Criminal Sexual Abuse" and to "Attempt to Commit Criminal Sexual Abuse."  Section 2A3.2 applies to "Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years (Statutory Rape) or Attempt to Commit Such Acts."  The distinction between the two guidelines is thus not that one applies to attempts and the other to completion of the sexual abuse, nor is it a distinction between attempts and completions on the one hand and travel-with-intent on the other.  Instead, the difference between the two guidelines inheres in the culpability of the conduct that is attempted or completed.  It follows inescapably that the more applicable of the two guidelines to *travel-with-intent* also depends on the same distinction.  That is, where attempting a particular act would result in application of one of the guidelines rather than the other, then travel-with-intent to commit the same act should result in application of that guideline as well.  No tenable alternative presents itself for determining which of the two guidelines is more applicable to the crime of travel with intent to have sex with a minor.

With respect to attempts and completions, it is clear that § 2A3.1 applies to victims under 12, and that § 2A3.2 does not apply when the victim is under 12.  The application note to § 2A3.1 provides that "[a]ny criminal sexual abuse with a child less than twelve years of age, regardless of 'consent,' is governed by § 2A3.1." App. n.5.  And, § 2A3.2 specifically provides a cross-reference

---

[2]All references are to the 2002 Guidelines Manual.  Neither of the parties has argued that the Guidelines Manual for any other year should be used.

[3]To the extent that the two guidelines mention travel at all, they do it in indistinguishable ways. *Compare* § 2A3.1(b)(6) (two-level enhancement for using false identity, or a computer, to facilitate travel by a minor or participant), *with* § 2A3.2(b)(2)(A) (two-level enhancement for using false identity to facilitate travel by a minor or participant).

that states in part, "[i]f the victim had not attained the age of 12 years, § 2A3.1 shall apply, regardless of the 'consent' of the victim." While these statements are made in the context of attempts and completions, and thus are open to literalist arguments that they do not govern travel-with-intent cases, it can hardly be argued that § 2A3.1 is not at least *more* applicable than § 2A3.2, when neither of the two guidelines applies explicitly to travel-with-intent. It follows that under the 2002 Guidelines, interstate travel with intent to have sex with a minor under 12 is governed by § 2A3.1 because that guideline is the "most applicable," and we need not reach the various arguments of the parties regarding the applicability of the cross-reference contained in § 2A3.2. The district court therefore properly applied § 2A3.1 under the 2002 Guidelines.

In applying § 2A3.1, the district court also properly applied the Specific Offense Characteristic that the age of the victim was under 12. First, the age-related enhancement under § 2A3.1(b)(2)(A) was proper despite the fact that there was no real victim. It was proper to enhance Hochschild's sentence with an age-related enhancement regardless of whether the nine year old that Hochschild thought he was meeting was real or fictional. This court has already held that the age-related enhancement in § 2A3.1(b)(2)(A) is proper where the child victim was fictional but the defendant believed that the victim was real. *United States v. DeCarlo*, 434 F.3d 447, 457-59 (6th Cir. 2006). By his own admission, Hochschild believed the victims were real, and thus the enhancement applies.

Hochschild argues that § 2A3.1(b)(2)(A)'s four-level enhancement if the victim is under twelve applies only to real victims. Hochschild's argument relies largely on the fact that "victim" is not specifically defined in § 2A3.1 (and is thus not defined to include undercover officers). In *DeCarlo*, this court applied the age-related enhancement to a fictional victim in a factually indistinguishable case, reasoning that an age-related enhancement for a fictitious victim is consistent with the utilitarian purpose of the enhancement. *See* 434 F.3d at 459; *accord* Aaron Rappaport, *Rationalizing the Commission: The Philosophical Premises of the U.S. Sentencing Guidelines*, 52 Emory L.J. 557, 642 (2003) (rationally reconstructing the sentencing guidelines and suggesting the guidelines are based on a utilitarian justification for punishment). The district court did not err when enhancing for a fictitious victim.

Hochschild next argues that the use of the victim's age to support both the application of § 2A3.1, which carries a higher base offense level, and an age-related enhancement pursuant to § 2A3.1(b)(2)(A), amounts to impermissible double counting. This argument is without merit.

Generally, impermissible double counting may occur when identical conduct warrants two enhancements under the Guidelines. *See generally United States v. Farrow*, 198 F.3d 179, 193-95 (6th Cir. 1999). Here, the age of the girl with whom Hochschild intended to have sex first rendered § 2A3.1 "more applicable" than § 2A3.2, and resulted in a Specific Offense Characteristic enhancement of four levels. This combination of determining which guideline is applicable and subsequent application of the terms of that very guideline does not, however, amount to impermissible double counting. *See United States v. Beith*, 407 F.3d 881, 886-90 (7th Cir. 2005) (collecting cases in footnote six). As the Seventh Circuit did in *Beith*, we reject Hochschild's argument for three reasons. First, the plain language of the Guidelines expressly directs this result. Second, the application of § 2A3.1 (base offense level of 27) over § 2A3.2 (base offense level of 24) does not amount to an enhancement, as the Guidelines must be applied as a whole. Finally, the bar on double counting is not implicated because the Sentencing Commission in setting the base offense level for § 2A3.1 did not account for the victim's age. The base offense level of § 2A3.1 "represents sexual abuse as set forth in 18 U.S.C. § 2242," which includes various offenses involving victims over 12. *See* § 2A3.1 cmt. background. Thus, enhancing for the victim's age is not impermissible double counting, and the district court properly applied the enhancement in this case.

Hochschild is however entitled to resentencing under the remedial holding in *Booker*. The district court erred by sentencing Hochschild under the erroneous assumption that the sentencing guidelines were mandatory. Although Hochschild waived constitutional challenge to the guidelines in the plea agreement, he did not waive statutory challenges to the application of the guidelines. Regardless of whether the district court made constitutional error, the district court made statutory error by sentencing Hochschild under the erroneous assumption that the guidelines were mandatory. Because the explicit terms of Hochschild's waiver do not cover the statutory error committed when the district court sentenced under the erroneous assumption that the guidelines are mandatory, we vacate Hochschild's sentence and remand for resentencing consistent with *Booker*'s remedial holding that the sentencing guidelines are advisory.

The plea agreement stated:

> The Defendant understands that he may, but does not necessarily, possess a constitutional right to have certain factors under the U.S. Sentencing Guidelines included in a grand jury indictment and decided by a jury under proof beyond a reasonable doubt standard. Defendant knowingly, intelligently and voluntarily waives any rights he may posses to have such factors alleged in an indictment and determined by a jury. Defendant understands that, by virtue of this waiver, his sentence, and the existence of factors which may increase or affect his sentence, will be decided by the district court, without a jury. Defendant understands that the district court may rely upon stipulations in this plea agreement as well as any other reliable evidence, including hearsay, in making those determination. *Defendant understands that he will be sentenced under the U.S. Sentencing Guidelines and waives any constitutional challenge to those guidelines and/or to the imposition of sentence under the Guidelines.* Defendant acknowledges discussing this waiver and its consequences with counsel and understands the nature and consequences of this waiver.

J.A. 44-45 (emphasis added). We interpret the italicized portion as a waiver of constitutional challenge to the guidelines both as a whole and as to the imposition of a sentence under the guidelines.[4] Nevertheless, the waiver cannot be read to cover statutory rights which flowed from *Booker*'s remedial holding. As the district court noted in the plea colloquy, the plea agreement permits Hochschild to appeal "any legal determination . . . regarding the guidelines and the specifications [and] how they apply." J.A. 138.

Hochschild has both constitutional and statutory rights under *Booker*. In *Booker*, the Supreme Court consolidated the cases of Booker and Fanfan. The Court held that Booker's Sixth Amendment rights were violated because his sentence was increased based on judge-found facts not submitted to a jury under a mandatory sentencing regime. *Booker*, 543 U.S. at 244. Instead of invalidating the guidelines, the Court prevented future Sixth Amendment violations in this situation by severing the sections that made the guidelines mandatory. *Id.* at 245. The severance remedy is applicable to all cases on direct review. *Id.* at 268. Unlike Booker, Fanfan's sentence was not increased based on judge-found facts and thus did not violate the Sixth Amendment. *Id.* at 267-68. Because Fanfan was sentenced under the erroneous assumption that the guidelines were mandatory, the Court held that the district court had violated Fanfan's statutory right to be sentenced under the advisory guidelines. Either the government or Fanfan could seek remand for resentencing under the advisory guidelines. *Id.* at 267.

---

[4]While both parties rely on *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005), *Bradley* is not applicable in this case because there was no appeal waiver. *United States v. Puckett*, 422 F.3d 340, 343 (6th Cir. 2005) (citing *United States v. Amiker*, 414 F.3d 606, 607 (6th Cir. 2005)).

Hochschild's sentence, like Fanfan's sentence, violates the remedial holding in *Booker*. *Id*. In the instant case, we do not rule on whether the district court violated Hochschild's Sixth Amendment rights because Hochschild waived those rights. *See United States v. Olano*, 507 U.S. 725, 733 (1993). Like the district court in *Fanfan*, the district court computed Hochschild's sentence under the erroneous assumption that the guidelines were mandatory. Under the language in the plea agreement Hochschild has not waived nonconstitutional (i.e., statutory) rights such as erroneous application of the sentencing guidelines. Applying *Booker*, this court has granted remand in cases where there has been no violation of the defendant's constitutional rights because the district court erroneously sentenced a defendant under the assumption that the guidelines were mandatory. *See, e.g.*, *United States v. Hazelwood*, 398 F.3d 792, 800-01 (6th Cir. 2005). Thus, Hochschild is entitled to remand for resentencing under the now-advisory guidelines based on the district court's nonconstitutional sentencing error.

For the foregoing reasons, we affirm the district court's application of the sentencing guidelines, vacate Hochschild's sentence, and remand for resentencing in light of *Booker*'s remedial holding that the guidelines are no longer mandatory.