NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0409n.06
Filed: June 16, 2006

No. 05-3221

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,               )
                                        )
        Plaintiff-Appellee,             )
                                        )       ON APPEAL FROM THE UNITED
        v.                              )       STATES DISTRICT COURT FOR THE
                                        )       NORTHERN DISTRICT OF OHIO
BRANDON T. JACKSON,                     )
                                        )
        Defendant-Appellant.            )
_____

BEFORE: BATCHELDER and GRIFFIN, Circuit Judges; and ZATKOFF, District Judge.[*]

        PER CURIAM.

        Defendant Brandon T. Jackson appeals the sentence imposed by the district court following

his plea of guilty to one count of conspiracy to possess with the intent to distribute more than two

grams of crack cocaine, but less than three, in violation of 21 U.S.C. § 846.[1] Jackson contends that

_____

        [*]The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District
of Michigan, sitting by designation.

        [1]Section 846 provides:

        Any person who attempts or conspires to commit any offense defined in this
        subchapter shall be subject to the same penalties as those prescribed for the offense,
        the commission of which was the object of the attempt or conspiracy.

The grand jury charged Jackson with the underlying offenses of possession with the intent to
distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).
The parties, however, stipulated that the amount of cocaine base that Jackson conspired to possess

the district court erroneously "double-counted" his criminal history and, as a result, his sentence of thirty-three months is unreasonable.  For the following reasons, we affirm Jackson's sentence.

I.

The factual basis filed in connection with Jackson's plea reflects the following facts: Beginning in or around November 2003, and continuing through March 2004, Jackson conspired with several other co-defendants to possess with the intent to distribute more than two grams of crack cocaine.  For his part of the large conspiracy, Jackson would purchase quantities of cocaine, convert the cocaine to crack cocaine, and then sell small amounts of it to his various customers.

As a result of this conduct, Jackson was charged, along with eighteen other defendants, in a seventy-six count indictment returned by the grand jury on August 17, 2004.  Jackson, however, was named in only three counts – conspiracy to possess with the intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 846 (Count 60), and distributing crack cocaine in quantities of 1.05 grams and 1.76 grams (Counts 71 and 73), each in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2.  On November 5, 2004, Jackson entered a plea of guilty to Count 60, although the parties stipulated that the amount of cocaine Jackson conspired to possess for distribution was at least two grams, but not more than three (as opposed to the fifty grams charged in the indictment).

with the intent to distribute was at least two grams, but less than three grams.  Had the parties not so stipulated, § 841(b)(1) mandates "a term of imprisonment which may not be less than 10 years or more than life and if death or serious bodily injury results from the use of such substance shall be not less than 20 years or more than life . . . ."  *Id*. § 841(b)(1)(A)(iii).

A presentencing investigation report ("PIR") was subsequently prepared, which revealed Jackson's substantial criminal history. Among other things, the PIR reflected Jackson's convictions for (1) kidnapping at age sixteen, (2) carrying a concealed weapon at age sixteen, (3) criminal trespass at age eighteen, (4) resisting arrest at age eighteen, (5) burglary at age eighteen, (6) fleeing or eluding at age twenty-two, (7) driving under the influence at age twenty-two, and (8) trafficking marijuana at age twenty-three.

The district court held a sentencing hearing on January 21, 2005, during which counsel for Jackson argued that he should receive a downward departure "based upon the discretion which appears to now be allowed to federal courts [by *Blakely v. Washington*, 542 U.S. 296 (2004)]." Specifically, counsel asserted as follows:

> [Jackson] does not have particularly a notorious record, although, any record certainly is of concern. You may have observed from the report that approximately three years or so ago, two years ago, he was down in Columbus and he had been with his mother. He was a victim of a gunshot wound. He really was quite fortunate that medical science had the capability to save his life.
>
> Judge, I can tell you that his family here in the courtroom, that he is much loved by his father and his mother, as well as his grandparents. There are many other relatives who have always appeared at these proceedings.
>
> I believe that from the report that much of what his involvement in this drug operation occurred as a result of feeding his own habit. He has been incarcerated now for a period of five months. He has himself remarked to me how he has dried out. I would ask that you would treat him with compassion, that you would – if you do intend to follow the guideline ranges that you would sentence him at the low end.

After the government noted that the plea agreement precluded Jackson's counsel from asking for

a downward departure, the government asked for the court to sentence Jackson within the applicable

guideline range.[2]

> In response to counsel's arguments, the district court sentenced Jackson as follows:

> The court would note for the record that I have reviewed the presentence report, considered same, and I will state for the record the guideline provisions that apply noting, however, that the guidelines are merely advisory for purposes of this court's consideration and note that the court will consider the factors set forth in 18 United States Code, Section 3553, with regard to the imposition of a sentence in this particular case.

> Based upon the information before me, it appears the defendant initially – his base offense level was an offense level 20. Pursuant to his plea agreement with the government, he is entitled to a two-level acceptance of responsibility and I believe an additional offense level reduction placing him at an adjusted offense level of 17. His criminal history category is therefore a II, based upon the modification at the request of Mr. Hicks, the attorney for the defendant.

> This places the defendant in a guideline range of 27 to 33 months. The court additionally must consider in imposing a sentence the nature and circumstances of this defendant's history and the characteristics, the need to impose a sentence that would reflect the seriousness of this offense, protection of the public of further crimes and to afford adequate deterrence, criminal conduct.

> Additionally, I need to consider obviously a method and manner and means of providing correctional treatment for this defendant. This is probably a bit more difficult than some of the other defendants in this case, because, Mr. Jackson, your criminal history unfortunately for someone rather young is certainly not minimal as opposed to others.

> The court would note the defendant has a kidnapping as a juvenile at age 16 and carrying a concealed weapon, I believe. Those are separate cases. One in January

---

[2]In this regard, Jackson's plea agreement specifically provides that "defendant agrees not to seek a downward departure from the applicable guideline imprisonment range . . . ."

of '96, the other in June of '96. His adult record is somewhat troublesome, as well. Criminal trespassing at age 18, misdemeanor; resisting arrest; burglary at age 18, some other minor misdemeanors through the age of 21, and then fleeing and alluding[sic] which of course is a serious matter, age 22. That is not to overlook the DUIs, the driving under suspensions, as well as any number of charges that are not resolved.

The court thereafter sentenced Jackson to a thirty-three month term of imprisonment, followed by a three-year term of supervised release.[3]

This timely appeal followed.

## II.

In his sole argument on appeal, Jackson contends that "the trial court essentially considered [his] prior criminal history *twice* when it decided to impose the maximum sentence allowed under the Sentencing Guidelines." In short, Jackson argues, the district court "took Jackson's criminal record and used it to boost his sentence by half a year to the maximum allotted under the Guidelines – after the probation department had already factored Jackson's criminal record into the Guidelines' equation." According to Jackson, doing so in the face of "several mitigating factors" enabled the court to ignore pertinent § 3553(a) factors. Jackson points to the fact that he has the support of his family to rehabilitate and, additionally, many of his legal problems "stemmed from an alcohol problem that could be helped by treatment, not prison." Accordingly, Jackson concludes that the

---

[3]The district court's remarks refer to a July 24, 2004, state charge against Jackson for drug possession and trafficking. Following the imposition of Jackson's sentence, the court indicated that it would "recommend credit for time served consecutive and not concurrent with any state sentence depending on the outcome of that case."

district court's sentence was unreasonable and, as such, his case should be remanded for resentencing.

"[W]hen a defendant challenges a district court's sentencing determination, [this Court is] instructed to determine 'whether [the] sentence is unreasonable.'" *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (quoting *United States v. Booker*, 543 U.S. 220, 261 (2005)) (third alteration in original), *cert. denied*, – U.S. – , 126 S. Ct. 1110 (2006).

A.      Procedural Unreasonableness.[4]

Jackson first argues that his sentence is unreasonable because the district court failed to provide the requisite analysis pursuant to § 3553(a).  Title 18 U.S.C. § 3553(a)(1) requires a district court to consider the nature and circumstances of the offense and the history and characteristics of the defendant.  In particular, a court must consider, *inter alia*, the following:

(2)      the need for the sentence imposed –

(A)      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)      to afford adequate deterrence to criminal conduct;

(C)      to protect the public from further crimes of the defendant; and

---

[4]Although not articulated as such, we have separated challenges like those loosely presented by Jackson into two arguments:  (1) procedural unreasonableness, i.e., the failure of a court to adequately consider the sentencing factors enumerated by § 3553(a), and (2) the unreasonableness of the sentence imposed, i.e., the district court placed undue weight on one particular factor, which resulted in an unreasonable sentence.  For a discussion of the distinction between a *procedurally* unreasonable sentence and a *substantively* unreasonable sentence, see *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

\* \* \*

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. 3553(a)(1)-(7).

In this case, although Jackson attacks the district court's failure to highlight his family support and to recognize that, given his substance abuse problems, treatment would be a better option than incarceration, we have previously rejected similar arguments by noting that "'although explicit mention of those factors may facilitate review, this court has never required the "ritual incantation" of the factors to affirm a sentence.'" *United States v. Williams*, 436 F.3d 706, 709 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)); *accord, e.g.*, *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) ("The court need not recite these factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review."); *United States v. McClellan*, 164 F.3d 308, 310 (6th Cir. 1999) (noting that there is no "requirement that a district court make specific findings relating to each of the factors considered").

More importantly, as outlined above, the district court clearly considered several § 3553(a) factors, such as "the nature and circumstances of [Jackson's] history and the characteristics, the need

to impose a sentence that would reflect the seriousness of this offense, protection of the public of further crimes and to afford adequate deterrence, criminal conduct." The court likewise considered the kinds of sentences available by noting its duty to evaluate "a method and manner and means of providing correctional treatment for this defendant." Although the district court outlined Jackson's criminal record, the only reason for doing so was, as the district court noted, because "[Jackson's] criminal history unfortunately for someone rather young is certainly not minimal as opposed to others." Thus, despite Jackson's arguments for unreasonableness, "there is no evidence in the record that the district judge acted unreasonably by, for example, selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor." *Webb*, 403 F.3d at 385.

B.      Unreasonableness of the sentence imposed.

Without a supporting legal citation, Jackson also asserts that the court "double counted" his criminal history and, in doing so, sentenced him unreasonably. Although at times difficult to discern, Jackson appears to argue that, by outlining his criminal history in detail, the district court placed undue weight on that history and, accordingly, the resulting sentence was unreasonable.

At the outset, it bears noting that a sentence imposed within the applicable Guideline range is entitled to a rebuttable presumption of reasonableness. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness."). On the merits, "impermissible double counting may occur when identical conduct warrants two enhancements

under the Guidelines." *United States v. Hochschild*, 442 F.3d 974, 979 (6th Cir. 2006). Given that no "enhancement" applies to Jackson's sentence, it appears that his double counting argument is misplaced; indeed, we typically consider such an argument solely in the context of a district court's imposition of a sentencing enhancement. *See United States v. Raleigh*, 278 F.3d 563, 566 (6th Cir. 2002) (rejecting defendant's argument that a firearm enhancement should not apply to him because he was convicted for possession of a stolen firearm and the district court applied a two-level increase because the firearm in question was "stolen, or had an altered or obliterated serial number").

Moreover, to the extent that Jackson is actually arguing that the district court should have awarded him with a downward departure, that argument is precluded by the language of his plea agreement. *See* Note 2, *supra*, and accompanying text. By adequately articulating its reasoning for sentencing Jackson at the higher end of the Guideline range, the district court's sentence was reasonable. *See United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) ("The sentencing hearing transcript reveals that the district court articulated and explained its reasons for sentencing [defendant] to a term at the higher end of the Guidelines range.").

Affirmed.