NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0385n.06
Filed: June 12, 2007

No. 05-4308

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| BRIAN P. FIRST, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MOORE, GIBBONS, Circuit Judges, and SARGUS, District Judge.*

**JULIA SMITH GIBBONS, Circuit Judge**. Defendant Brian P. First was charged in a four-count indictment with offenses including enticing a minor to engage in illegal activity and crossing a state line with the intent to engage in a sexual act with a minor. First pled guilty to all four counts and was ultimately sentenced to 144 months imprisonment and ten years of supervised release. First appealed, arguing that his sentence was unreasonable. For the following reasons, we affirm the judgment and sentence of the district court.

I.

As part of an FBI task force investigation of crimes against children, an undercover officer

---

*The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

1

from the Tuscarawas County, Ohio, police department entered an Internet chatroom and posed as a woman named "Cheri." Defendant First initiated an electronic conversation with "Cheri" by sending her an instant message. Believing he was talking to a mother and her underage daughters, First detailed his intention to have sexual relations with the daughters over the course of several electronic messaging sessions. After numerous explicit conversations, First arranged to meet "Cheri" at a restaurant in Bolivar, Ohio. In the course of discussing the logistics of their meeting, First stated his intention to have deviant sexual relations with "Cheri" and both of her daughters, whom he believed to be ages seven and twelve.

On November 26, 2004, First drove from Indiana to the restaurant in Bolivar. After pulling up next to the car driven by "Cheri," First began to exit his car but soon noticed an approaching police car. The undercover officer then identified herself as a law enforcement officer and ordered First to show his hands. First instead put his car in reverse and attempted to speed out of the parking lot. In the course of his attempted exit, First struck the door of the undercover officer's car and then hit the front of an unmarked vehicle containing two FBI agents. First then surrendered at gun point. An inventory of First's car revealed a significant amount of cash along with numerous sex and bondage devices.

First was charged in a four-count indictment in the United States District Court for the Northern District of Ohio on December 21, 2004, with the offenses of (1) knowingly using a computer connected to the internet to attempt to persuade, induce, entice and coerce a minor to engage in illegal activity, in violation of 18 U.S.C. § 2422(b); (2) crossing a state line with the intent to engage in a sexual act with a person who has not attained the age of 12 years, in violation of 18 U.S.C. § 2241(c); (3) traveling in interstate commerce to engage in illicit sexual conduct with a

2

minor, in violation of 18 U.S.C. § 2423(b); and (4) forcible assault of a police officer while the officer was engaged in her duties, in violation of 18 U.S.C. § 111.

First entered pleas of guilty to all four counts in May 2005. A probation officer subsequently prepared a presentence investigation report (PSR) that included adjusted offense levels for all four counts. The adjusted offense level for Count 2, crossing a state line with the intent to engage in a sexual act with a person who has not attained the age of 12 years, was the highest at level 33 and was applied pursuant to U.S.S.G. § 3D1.4. This included a base offense level of 30 under U.S.S.G. § 2A3.1, a four-level enhancement pursuant to U.S.S.G. § 2A3.1(b)(2) because the "victim" had not attained the age of 12 years, a two-level enhancement pursuant to U.S.S.G. § 2A3.1(b)(6) for use of a computer in the commission of the crime, and a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The government also moved for the reduction of an additional level pursuant to U.S.S.G. § 3E1.1(b). First had no criminal record prior to the instant offense and accordingly had a criminal history category of I. The PSR calculated his Guidelines range to be 135 to 168 months and the district court adopted the Guidelines range as calculated in the PSR.

Prior to sentencing, First made several arguments against the conclusions set forth in the PSR, including: (1) the four-level enhancement pursuant to U.S.S.G. § 2A3.1(b)(2) was inappropriate, as there was no actual victim in this case; (2) the base offense level of 30 incorporated the victim's age, rendering § 2A3.1(b)(2) duplicative and causing impermissible double counting; (3) U.S.S.G. § 2G1.3, applicable to counts 1 and 3, was the more appropriate Guideline to apply under these facts; and (4) the Guidelines range was much greater than that needed to meet the ends

of justice, as prescribed by 18 U.S.C. § 3553(a).

The district court sentenced First to 144 months imprisonment and ten years of supervised release.  First filed a timely appeal.

## II.

This court reviews a district court's construction and application of the Sentencing Guidelines *de novo.  United States v. DeCarlo*, 434 F.3d 447, 452 (6th Cir. 2006).  We review a sentence imposed by a district court for reasonableness.  *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005).  A sentence imposed within the Guidelines range is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

## III.

## A.

First contends that U.S.S.G. § 2A3.1, with a base offense level of 30, should not have been the source of the Guidelines range because no actual minor victim was involved in the offense, only a law enforcement officer posing as a minor.  First instead proposes that U.S.S.G. § 2G1.3, with a base offense level of 23, should have been the starting point for the sentence computation.  The Appendix to the sentencing Guidelines leaves little ambiguity as to which section should apply to the offense at issue: the Appendix directs the court to § 2A3.1 for violations of 18 U.S.C. § 2241(c). First asserts that the court should instead rely on U.S.S.G. § 2G1.3—the appropriate section for violations of 18 U.S.C. § 2423(b) pursuant to the Appendix—but that section specifically refers courts back to § 2A3.1 for cases such as this involving "interstate travel with intent to engage in a sexual act with a minor who had not attained the age of 12 years." U.S.S.G. § 2G1.3(c)(3); *see also*

4

*United States v. First*, No. 05-4308

*United States v. Hochschild*, 442 F.3d 974, 976 n.1 (6th Cir. 2006).

First effectively concedes the facial applicability of § 2A3.1 but argues that the Sentencing Commission intended a different result for cases in which no actual minor was involved. However, this court has made clear that § 2A3.1 is appropriate for cases involving fictitious victims. In *DeCarlo*, this court considered DeCarlo's argument that U.S.S.G. § 2A3.1 is reserved for cases involving actual minors. As the *DeCarlo* court emphasized, "[t]he critical fact that renders the defendant's conduct criminal in this case is not the act or the resulting harm, but the intent with which the act was done. . . . The plain language of the statute makes the age of the *intended* victim an element of the crime, and it punishes attempts the same as completed acts." *Id.* at 457-58 (emphasis added); *see also Hochschild*, 442 at 978-79 (holding that application of § 2A3.1 is appropriate even when the "victim" is fictional, as an "enhancement for a fictitious victim is consistent with the utilitarian purpose of the enhancement."). We therefore find that the district court did not err in using U.S.S.G. § 2A3.1 as the primary Guideline source.

B.

First also contends that the four-level enhancement under U.S.S.G. § 2A3.1(b)(2)(A) resulted in impermissible double counting. Section 2A3.1(b)(2) states, "[i]f the victim had not attained the age of twelve years, increase by **4** levels; or (B) if the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by **2** levels." In the Application Notes to § 2A3.1, the term "victim" also "includes an undercover law enforcement officer."

First argues that the base offense level of 30 already accounts for the victim being under the age of 12, thus the additional four-point enhancement punishes the same conduct twice. This

5

argument is unavailing, as the § 2A3.1(b)(2) base offense level applies to a range of crimes where the victim is not necessarily under the age of 12. For the same reason, this court has specifically rejected the proposition that the § 2A3.1(b)(2)(A) enhancement constitutes double-counting: "the bar on double counting is not implicated because the Sentencing Commission in setting the base offense level for § 2A3.1 did not account for the victim's age. The base offense level of § 2A3.1 'represents sexual abuse as set forth in 18 U.S.C. § 2242,' which includes various offenses involving victims over 12." *Hochschild*, 442 F.3d at 979 (internal quotation marks omitted).

For these reasons, we find that application of a four-point enhancement under U.S.S.G. § 2A3.1(b)(2)(A) is not impermissible double counting and that the district court properly applied the enhancement in this case.

C.

Finally, First challenges the sentence imposed as unreasonable. First asserts that the sentence is unreasonable because it fails to meet the requirement that a sentence be "sufficient, but not greater than necessary" to comply with the statutory purposes set forth in 18 U.S.C. § 3553(a)(2).

After *United States v. Booker*, 543 U.S. 220 (2005), the discretion of a district court in handing down a sentence is enhanced, and a sentence will be upheld on appeal if that sentence is "reasonable." *Jackson*, 408 F.3d at 304. This reasonableness inquiry has both a procedural and a substantive component, requiring review of both the procedures followed and the factors considered in determining the sentence. *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence may be procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead

simply selects what the judge deems an appropriate sentence without such required consideration."
*Id.* The goal of the procedural reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for appellate review. *Jackson*, 408 F.3d at 305. The district court need not explicitly mention each of the § 3553(a) factors; a sentence is procedurally reasonable if there is sufficient evidence in the record to demonstrate that the court considered these factors in making its decision. *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006).

First's primary argument is that the district court failed to explain why a sentence near the middle of the Guidelines range was not greater than necessary to comply with the dictates of § 3553(a). However, satisfaction of the procedural reasonableness requirement does not hinge on a district court's rote recitation or ritualistic incantation of the relevant § 3553(a) factors. *See United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006); *see also Williams*, 436 F.3d at 708-09. Instead, the district court must articulate its "reasons for the particular sentence," thus enabling the appellate court "to engage in a meaningful reasonableness review." *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006). Here, the record contains sufficient development of the district court's reasoning to allow for meaningful appellate review. The district court heard lengthy argument on the defendant's objection to the calculation in the PSR of the Guidelines range. The judge noted that First's offense was very serious and that the nature of his attempted escape put the officers in great danger and contributed an additional element of gravity to the offense. The court further noted the particularly explicit and deviant nature of First's online communications with the undercover officer. The court emphasized that the sentence imposed reflected the serious nature of the offense,

implicating § 3553(a)(2)(A), and that the sentence would accomplish the important purpose of ensuring that such conduct would not be repeated, implicating § 3553(a)(2)(B). The court explicitly noted that it took into consideration all the factors that First brought to its attention and ultimately found that "a sentence within the guidelines is fair, reasonable, and appropriate, under all the facts and circumstances here."

Although a more specific discussion of the relevant factors would have been preferable, the record is nevertheless sufficient to allow for meaningful appellate review. *See United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006). The record evinces the district court's rationale for its sentence and, moreover, First fails to identify any relevant factor he raised that the district failed to consider. *See id.*

As to substantive reasonableness, this circuit draws a distinction between sentences that are within the recommended Guidelines range and those outside of that range. Sentences falling within the applicable Guidelines range are treated with a rebuttable presumption of reasonableness. *Williams*, 436 F.3d at 708. Because First's sentence of 144 months falls within his Guidelines range of 135 to 168 months, it is accorded a presumption of reasonableness. First now argues that he presented various bases for a sentence below the Guidelines range or else at the lowest end of the range. However, First made the same arguments to the district court that he now does on appeal, namely that he has no criminal history, had a troubled childhood, and that his actions did not involve an actual victim, but instead an undercover agent. The district court noted First's personal history and characteristics but balanced those considerations against the nature of the crime and the need to ensure that such conduct would not be repeated. We find that First's mere assertion that the sentence

imposed is greater than necessary to comply with the goals outlined in § 3553(a) is insufficient to rebut the presumption of reasonableness accorded to his sentence. *See Dexta*, 470 F.3d at 616. Indeed, "[t]he fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). The district court weighed the relevant factors and imposed a sentence towards the lower end of the Guidelines range, and nothing in the record suggests that this decision was unreasonable.

IV.

For the foregoing reasons, we affirm.