NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0471n.06

Filed: July 2, 2007

**No. 05-4661**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GRADY A. YOKELEY,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

                                       /

**BEFORE:**    **CLAY, GILMAN,** and **MCKEAGUE**, **Circuit Judges.**

    **CLAY, Circuit Judge.**  Defendant Grady Yokeley was convicted of using a computer connected to the Internet to attempt to persuade, induce, entice and coerce a person who had not yet reached the age of eighteen to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b); crossing a state line with the intent to engage in a sexual act with a person who had not yet attained the age of twelve in violation of § 2241(c); and traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined by § 2423(f), with a minor, in violation of § 2423(b). For the reasons set forth below, we **AFFIRM** Defendant's sentence.

**STATEMENT OF FACTS**

**Factual History**

Defendant Grady Yokeley entered an Internet chatroom on June 2, 2005 called "moms want older men for dau." Defendant used the screen name "fang422001" and initiated an online conversation with a user named "Vicki." According to "Vicki," she was a thirty-year-old mother of two young daughters. In actuality, "Vicki" was an undercover FBI Agent posing as a mother as part of an investigation of crimes against children. "Vicki" informed Defendant that she had two daughters, "Kristie," who was nine years old, and "Julie," who was twelve years old. Defendant expressed an interest in traveling from his home in Virginia to "Vicki's" home in Ohio for the purpose of engaging in sexual acts with both daughters.

"Vicki" offered to put "Julie" online so that Defendant could speak directly to her. During this initial conversation, Defendant told "Julie" that he wanted to engage in oral sex with her and than he wanted her to help him get her younger sister to participate with them as well. On June 9, 2005, Defendant had another online conversation with "Vicki." He stated in that conversation that he believed her daughter "Julie" would be "hot enough to rape both of us," seemingly implying that he expected "Vicki" to participate in his sexual activity with her daughters. "Vicki" stated that she did not wish to engage with them and told Defendant she thought he wanted to be Julie's first sexual partner. He informed her that he did and that he planned to come to Ohio soon.

On June 13, 2005, a local detective pretending to be "Vicki" made a phone call to Defendant to arrange his visit. The call was consensually recorded. Defendant then spoke to "Julie" in a phone call later that day. The same detective pretended to be "Julie" as Defendant described what he wanted to do with her, telling her graphically how he wanted to have oral sex and intercourse with her. On June 15, 2005, Defendant had another online conversation with "Vicki" in which he asked

her to get a morning-after pill for "Julie" because he did not want to use a condom during his encounter with "Julie." On Friday, June 17, 2005, Defendant drove from Virginia to Brooklyn, Ohio where he was arrested by FBI agents. Defendant was indicted on three charges: 1) Using the Internet to attempt to persuade, induce, entice and coerce a person who had not yet reached the age of eighteen (a twelve-year-old girl) to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b); 2) Crossing a state line with the intent to engage in a sexual act with a person who had not yet attained the age of twelve (a nine-year-old girl), in violation of § 2241(c); and 3) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined by § 2423(f), with another person (a twelve-year-old girl), in violation of § 2423(b).

**Procedural History**

Defendant pled guilty to all three charges. At the sentencing hearing, the district court was aided by Defendant's Presentence Report ("PSR"), Defendant's Sentencing Memorandum, his oral statements, and the arguments of counsel. The judge determined that Defendant's criminal history placed him in category I and his offense level was thirty-three; the combination resulted in a Guidelines range of 135 to 168 months. According to the PSR, the primary Guideline source for Defendant's § 2241(c) violation was § 2A3.1. The primary Guideline source determines the starting point for a defendant's offense level. Defendant argued that the application of this Guideline was unjust. Although he admitted that § 2241(c) violations are properly paired with § 2A3.1, Defendant argued that the second and third charges punished him separately for the same conduct under two different provisions. Defendant argued that the decision to charge him both with a violation of § 2241(c) (in Charge 2) and § 2423(b) (in Charge 3), which he contended were punishing the same

conduct, was made solely because a violation of § 2241(c) is paired with § 2A3.1, which carries with it a base offense level of 30, whereas a violation of § 2423(b) is paired with § 2G1.3, which carries a base offense of 18. According to Defendant, charging him with a violation of both statutes to punish the same offense effectively guaranteed that he would receive the higher base offense level. Defendant argued that § 2A3.1 should be reserved for situations in which the victim was an actual minor, instead of a Special Agent posing as a minor. The government responded that had there been actual sexual contact with a minor, there would have been an additional four level enhancement, and thus, there was nothing inconsistent about applying this enhancement despite the fact that there had been no real minor involved and no actual contact.

The court determined that application of § 2A3.1 was appropriate, particularly because despite Defendant's argument, Charges 2 and 3 were based on different offenses because one referred to his behavior with respect to a twelve-year-old victim and the other referred to his behavior with respect to a nine-year-old victim. Accordingly, based on the PSR and the court's consideration of the § 3553 factors and Defendant's mitigating evidence, the court sentenced Defendant to 108 months of imprisonment and three years of supervised release.

## DISCUSSION

**I.      Guideline Application to Defendant's Sentence**

**A.      Standard of Review**

We review a district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005).

**B.      Analysis**

Section 2A3.1 is the primary Sentencing Guideline for a § 2241(c) violation. *See* 18 U.S.C. § 2241. Thus, a violation of this statute properly applies that guideline to determine a defendant's base offense level. Defendant, however, argues that the government's decision to charge him with violating both §§ 2241(c) and 2423(b) was made merely to insure he would receive a harsher sentence. According to Defendant, § 2423(b) could have governed both Charges 2 and 3, a decision that would have resulted in a base offense level of eighteen instead of thirty. Defendant concedes that the government has prosecutorial discretion to choose the statute under which it will prosecute an offense; however, Defendant argues that the decision to charge him under the statute that is partnered with § 2A3.1 is illogical in this case because no abuse ever actually occurred and no real minor was involved. Thus, Defendant's sole argument before this Court is that § 2A3.1 should be unavailable in cases where the victim is not an actual minor and instead is an undercover agent, and thus, the district court should have applied § 2G1.3, which is the Sentencing Guideline for violations of § 2423(b). *See* 18 U.S.C. § 2423.

The question of whether the § 2A3.1 guideline is applicable where no minor is involved has been addressed previously by this Court in *United States v. DeCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). In a factually similar case, this Court held that the § 2A3.1 enhancement was applicable to the defendant, DeCarlo. *Id*. DeCarlo, making arguments identical to those of Defendant in the instant case, asserted that § 2A3.1 did not apply to him because the ten-year-old child DeCarlo believed he had arranged to meet for the purpose of engaging in sexual activity was actually an undercover agent and no abuse ever actually occurred. *Id*. 458-59. In concluding that § 2A3.1 was, nevertheless, appropriate, we were particularly persuaded by the commentary that was added to §

2A3.1 subsequent to its enactment. We noted first that the Sentencing Commission explicitly stated that "[s]exual offenses addressed in this section are crimes of violence. Because of their dangerousness, attempts are treated the same as completed acts of criminal sexual abuse." *Id.* at 458 (quoting U.S. Sentencing Guidelines § 2A3.1, cmt. background (2004)). Thus, we remain convinced that this explanation forecloses Defendant's argument that merely because he was unable to complete the sexual abuse, § 2A3.1 cannot be applied to his offense.

Additionally, in *DeCarlo* we noted that a comment was added to make clear that the statute's use of the term "'[v]ictim' includes an undercover law enforcement officer." U.S. Sentencing Guidelines § 2A3.1, cmt. 1 (2004). Citing *DeCarlo*, this Court reached the same conclusion when confronted with the identical argument in *United States v. Hochschild*, 442 F.3d 974, 978 (6th Cir. 2006), and we reach the same conclusion today. Section 2A3.1 was entirely appropriate in the instant case, despite the fact that the victims were not actual minors.

Defendant spends a significant portion of his brief focused on the legislative history of the Protection of Children from Sexual Predator Act of 1998, which amended the United States Code and added the sections relevant to the instant case. Protection of Children from Sexual Predator Act of 1998, Pub. L. No. 105-314, 112 Stat. 2974 (codified as amended in scattered sections of 18 U.S.C.). Despite this extensive academic review of the legislative history, his argument boils down to one that is virtually indistinguishable from the argument we rejected in *DeCarlo* and *Hochschild*, which is simply that § 2A3.1 is unavailable when the victim is not a real minor. Defendant cites no case law, focusing instead on the legislative background of the section as illustrated by statements given and letters written by Judiciary Committee members about the goal of protecting children from

cyber-predators that motivated the enactment of the Act. According to Defendant, this legislative history makes it clear that the protection of minors was the primary concern of lawmakers, and accordingly, it is not appropriate to apply § 2A3.1 when no real minors were affected. However, this assertion is belied by our holdings in *DeCarlo* and *Hochschild*, neither of which is addressed by Defendant until his reply brief, and even then, he distinguishes the instant case from them on the grounds that neither of those cases involved an argument about the legislative history of the Act or a discussion of § 2G1.3. We do not find these to be meaningful distinctions. The thrust of Defendant's argument is that because of the legislative history and in spite of controlling cases in this Court that come to the contrary conclusion, § 2A3.1 is not the appropriate guidelines range when the minor victim was fictitious and was actually an undercover agent. The law of this Circuit and the comments added to § 2A3.1 instruct us otherwise, and Defendant's brief contains an incredible dearth of analysis with respect to why the instant case presents a unique argument to this Court. Additionally, while neither *DeCarlo* nor *Hochschild* explicitly discuss § 2G1.3, this fact amounts to a distinction without a difference. In neither of those cases did we hold that § 2A3.1 was the most appropriate Guideline only where § 2G1.3 was unavailable; thus, the fact that Defendant discusses § 2G1.3 does not make those cases any less controlling.

Further, Defendant's argument is unpersuasive because it fails to address the fact that while § 2423(b) was one possible statute under which he could have been charged, it seems clear that § 2241(c) was obviously more appropriate. Section 2241(c) makes it unlawful specifically to cross state lines "with intent to engage in a sexual act with a person who has not attained the age of 12 years," while § 2423 refers only to minors in general. 18 U.S.C. §§ 2241(c); 2423(b). Section

2241(c) is clearly the more appropriate choice when the intended victim is a child of nine years of age, which undermines Defendant's contention that the charging decision was made for no reason other than to insure a harsh sentence. This fact is wholly ignored by Defendant. Thus, we hold that this case is squarely governed by our previous holdings in *DeCarlo* and *Hochschild* and, accordingly, we **AFFIRM** Defendant's sentence.