*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

JEROME R. ANGWIN,

        *Defendant-Appellant.*

No. 06-4654

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 05-00025—Lesley Brooks Wells, District Judge.

Argued: January 15, 2009

Decided and Filed: March 25, 2009

Before: MERRITT, ROGERS, and WHITE, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Thomas P. Kurt, LAW OFFICE, Toledo, Ohio, for Appellant. Michael A. Sullivan, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Thomas P. Kurt, LAW OFFICE, Toledo, Ohio, for Appellant. Michael A. Sullivan, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

———————————

## OPINION

———————————

    ROGERS, Circuit Judge. Defendant Angwin was arrested as part of an FBI internet sting to catch pedophiles. Angwin communicated with an undercover agent, who posed as a mother of two daughters whom she offered up for sex with Angwin. One of the fictional daughters was 7 years old. Angwin traveled from Delaware to Ohio to meet and engage in sexual activity with all three fictional females. Angwin was indicted and pled guilty to three counts of illegal sexual conduct. In determining Angwin's sentence, the district court applied a 4-level sentencing enhancement because one of Angwin's victims was under the

1

age of 12. Angwin appeals the application of that enhancement arguing that because the undercover agent never posed as the 7-year-old daughter, there was no victim under 12. Because the enhancement can apply when an officer creates a fictional minor victim, even though the officer did not pretend to be that victim, the district court properly applied the enhancement.

For two months, Angwin and an undercover FBI agent communicated via the internet about Angwin's desires to engage in sexual intercourse with minors. The agent met Angwin in a Yahoo! chat room called "Moms Sharing Daughters." The agent pretended to be "Cheri," a mother with two daughters, "Sarah," age 12, and "Jessica," age 7. Throughout their conversations, Angwin expressed his desire to have sex with "Cheri" and both girls. The agent posed both as "Cheri" and as "Sarah" during these conversations, but at no point did the agent pose as 7-year-old "Jessica."

Angwin's conversations with the agent were explicit about his desires to have intercourse with "Jessica." Angwin wanted "the completeness of family 3 angels to love cherish and care for." He stated that the girls should be "brought in slowly with care" into the relationship. Angwin specifically mentioned that he thought about "the beauty of holding the baby atop me" and discussed having sex with all three females. Angwin told the agent that he was "thinking perverted thought[s] of you and the girls," and later stated that he had fantasies about "Jessica." Angwin also admitted to masturbating to pictures of "Jessica" and that he thought about "Jessica" in the context of oral sex. He also told the agent that, when he came to visit, they needed a bed large enough for four people.

Angwin made plans with the agent to visit "Cheri" and the girls. On December 27, 2004, he flew from Philadelphia, Pennsylvania, to Akron, Ohio, to meet "Cheri" and was arrested at the Akron-Canton Airport. Angwin was carrying gifts for "Cheri" and the girls, including two pairs of thong underwear, a small pink girl's tank top, Victoria's Secret black lace underwear, extra small panties, small black lace underwear, and two Barbie dolls.

On January 19, 2005, a federal grand jury indicted Angwin on three counts: (1) using the internet to coerce and entice an individual under 18 ["Sarah"] to engage in illegal sexual conduct, in violation of 18 U.S.C. § 2422(b); (2) crossing a state line with intent to engage in a sexual act with a person who has not attained the age of 12 years ["Jessica"], in violation

of 18 U.S.C. § 2241(c); and (3) traveling in interstate commerce for the purpose of engaging in illicit sexual conduct [with "Sarah"], in violation of 18 U.S.C. § 2423(b).  On June 29, 2006, Angwin pled guilty to all three counts pursuant to a plea agreement with the government.  The plea agreement included an express waiver of Angwin's right to appeal, with a reservation of the right to appeal in limited circumstances.

The district court sentenced Angwin to 168 months in prison.  The district court calculated Angwin's sentence based on Count 2, because it carried a higher offense level. Under the United States Sentencing Guidelines, Count 2 carried a base offense level of 30, which was increased by 2 levels for the use of a computer, which Angwin does not contest, and 4 levels because the victim was under the age of 12.  *See* USSG § 2A3.1 (2004).  This yielded an adjusted offense level of 36, which the district court reduced by 3 levels for acceptance of responsibility.  The offense level of 33 and a Criminal History Category I produced a sentencing range of 135-168 months, and the district court sentenced Angwin to the maximum. Without the victim-age enhancement, Angwin's sentencing range would have been 87-108 months.  Angwin now challenges the application of the enhancement.

The applicability of an exception to the appeal waiver was debated at oral argument in this case.  However, we need not resolve the issue because whether or not Angwin's waiver applies, his appeal fails on the merits.

The district court correctly concluded that the victim-age enhancement applies under Sixth Circuit precedent.[1]  Section 2A3.1 enhances the sentence by 4 levels "[i]f the victim had not attained the age of twelve years." § 2A3.1(b)(2).  Angwin admits that an undercover officer can be a "victim" under the Guidelines and *United States v. DeCarlo*, 434 F.3d 447, 457-59 (6th Cir. 2006).  He argues, however, that the term "victim" must be strictly construed so that the enhancement only applies when the officer actually impersonates an underage individual.  Angwin argues that it was legal error to apply the enhancement in his case because he never communicated with a fictional victim under

---

[1] Although Angwin did not object to the enhancement at sentencing, plain error review is arguably not applicable because the district court did not inquire whether Angwin had any objections to the sentence.  *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2006) (en banc).  Because of our independent legal determination that the enhancement was proper, we need not determine whether plain error review applies.

the age of 12. Therefore "the district court had no information or evidence before it that 'the victim had not attained the age of [12] years,'" making the application of the enhancement unreasonable.

The language of the Guidelines does not support Angwin's interpretation. The Application Note defines the term "victim" to include an undercover officer. § 2A3.1(b)(2) Application Note 1, Definitions. The Application Note does not limit the definition of a "victim" to exclude a fictional character not impersonated by the officer. The obvious import of the Guidelines and Application Note is to determine the sentence in this context according to the characteristics of the intended, albeit fictional, victim. Significantly, other parts of this Application Note evidence that the Commission wrote § 2A3.1 to punish the defendant's criminal intent. For instance, a "minor" is defined to include "an individual, whether fictitious or not, who a law enforcement officer represented to a participant (i) had not attained the age of 18 years, and (ii) could be provided for the purposes of engaging in sexually explicit conduct." *Id.*

Interpreting "victim" to include all fictional victims, whether impersonated by the officer or not, fits with the purpose of the enhancement—to punish the defendant's intentions. "[T]he Sentencing Commission was focusing on the actor's intent when it fashioned the offense level enhancements, not the resulting harm. . . . [T]he language of [§ 2A3.1] itself does not suggest that its applicability must depend on the effect of the defendant's conduct upon the victim." *DeCarlo*, 434 F.3d at 458-59. Applying the enhancement for "a fictitious victim is consistent with the utilitarian purpose of the enhancement." *United States v. Hochschild*, 442 F.3d 974, 979 (6th Cir. 2006). Where, as here, "the enhancement is directed at the defendant's intent, rather than any actual harm caused to a genuine victim . . . there is no difference between an undercover officer victim and a fictitious victim." *United States v. Murrell*, 368 F.3d 1283, 1289 (11th Cir. 2004) (construing a similar victim-age enhancement). Furthermore, the defendant's intent is the same regardless of whether he actually communicated with the fictitious victim or not. Angwin's intent to engage in a sexual act with a 7-year-old girl was an

element of the crime to which he pled guilty and the enhancement properly punishes that intent.

Our previous holdings support this interpretation. In *Hochschild*, an undercover officer offered the defendant the opportunity to engage in sex with his fictional daughters, ages 9 and 12. 442 F.3d at 976. Although the agent had not impersonated the daughters, we upheld the defendant's receipt of the § 2A3.1(b)(2) enhancement for a victim under the age of 12, the same enhancement at issue in this case. *Id.* at 978-79. In *United States v. Yokeley*, 243 F. App'x 926, 927 (6th Cir. 2007), the defendant was caught in the same type of scheme as used to catch Angwin. Like the officer in this case, the undercover officer posed both as the mother and as the 12-year-old daughter, but never the 9-year-old daughter. *Id.* The district court still applied the § 2A3.1(b)(2) enhancement and we affirmed. *Id.* at 928-30. Other courts have applied similar enhancements in like circumstances. In *Murrell*, the undercover officer posed only as the father of a 13-year-old daughter, whom the father offered up for sex. 368 F.3d at 1284-85. The Eleventh Circuit upheld the application of a victim-age enhancement under USSG § 2G1.1, despite lack of any contact between the defendant and the fictional victim. *Id.* at 1288-89.

The Guidelines are not sufficiently ambiguous that Angwin's invocation of the rule of lenity compels a different result. "We apply the rule [of lenity] only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute." *United States v. Hayes*, 129 S. Ct. 1079, 1088-89 (2009) (internal quotations and citations omitted). The rule of lenity does not apply when, as here, "[t]he text, context, [and] purpose . . . all point in the same direction." *Id.* The Sentencing Commission intended to punish the defendant's criminal intent and this court's interpretation is consistent with that goal.

The district court's application of the enhancement was proper and the court correctly calculated the Guideline range. Because there are no other allegations of procedural error, the sentence is procedurally reasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Nor did the district court abuse its discretion in sentencing Angwin to 168 months in prison. *See id.* at 591 (describing the standard of review). Angwin's sentence falls within the range calculated under the Guidelines and is therefore presumed reasonable under *Vonner*, 516 F.3d at 389-90. Angwin has not rebutted this presumption.

The judgment of the district court is affirmed.